# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32648 (f rev)

————————————

### UNITED STATES
*Appellee*

**v.**

### Cyle L. DAVIS
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 22 February 2022

————————————

*Military Judge:* Bryon T. Gleisner; Dayle P. Percle (remand).

*Sentence:* Sentence adjudged 31 January 2020 by SpCM convened at Shaw Air Force Base, South Carolina. Sentence entered by military judge on 3 March 2020, and reentered on 15 September 2021: Bad-conduct discharge and confinement for 210 days.

*For Appellant:* Lieutenant Colonel Kirk W. Albertson, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, LEWIS, and CADOTTE, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

This case is before this court for the second time. Appellant initially personally raised, in accordance with *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), two issues on appeal: (1) whether the convening authority improperly failed to take action on the sentence in his case; and (2) whether Appellant is entitled to sentence appropriateness relief resulting from the Government's post-trial delay. Previously, our court remanded this case to the

Chief Trial Judge, Air Force Trial Judiciary, to resolve the first issue. *United States v. Davis*, No. ACM S32648, 2021 CCA LEXIS 433, at \*7–8 (A.F. Ct. Crim. App. 26 Aug. 2021) (unpub. op.).[*] We deferred deciding the second issue.

After our remand, on 8 September 2021, the convening authority signed a new decision on action memorandum approving the sentence in its entirety. On 15 September 2021, a new entry of judgment (EoJ) was completed. Subsequently, the record of trial was returned to this court. We find that the convening authority's action and the new EoJ remedy the error identified in our earlier opinion. Appellant submitted a supplemental brief to this court on 24 November 2021, resubmitting his case on its merits with no additional assignment of error but "specifically preserv[ing] and maintain[ing]" the issues raised in his initial brief. We find the convening authority's 8 September 2021 action on the sentence complies with applicable law, and that the 15 September 2021 EoJ correctly reflects the sentence and post-trial actions taken in this case. We further find that no additional modifications are necessary.

We therefore address Appellant's second issue regarding unreasonable post-trial delay. Appellant contends that he is entitled to sentence relief because his case was not docketed with this court within 30 days of the convening authority's action as required by *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006) (citations omitted). We disagree and find no relief is warranted.

Post-trial processing of courts-martial has changed significantly since *Moreno*, to include the use of an entry of judgment before appellate proceedings can begin. *See United States v. Livak*, 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020); *see also United States v. Brown*, 81 M.J. 507, 510 (A. Ct. Crim. App. 2021). This court has previously explained the consequences of updates to post-trial processing:

> [T]he specific requirement in *Moreno* which called for docketing to occur within 30 days of action no longer helps us determine an unreasonable delay under the new procedural rules. How-

---

[*] Subsequent to our remand, the United States Court of Appeals for the Armed Forces (CAAF) decided *United States v. Brubaker-Escobar*, 81 M.J. 471 (C.A.A.F. 2021) (per curiam). In *Brubaker-Escobar*, the CAAF held the convening authority committed a procedural error by taking no action on the sentence, when the case involved a conviction for at least one offense committed before 1 January 2019 and referral was after 1 January 2019. *Id.* at 475. The CAAF tested the procedural error for material prejudice. *Id.*; *see also United States v. Aumont*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 892, at \*1 (C.A.A.F. 12 Oct. 2021) (remanding to our court to determine whether the procedural error of taking no action on the sentence materially prejudiced a substantial right of appellant).

> ever, we can apply the aggregate standard threshold the major-
> ity established in *Moreno*: 150 days from the day Appellant was
> sentenced to docketing with this court.

*Livak*, 80 M.J. at 633 (citation omitted).

Appellant was sentenced on 31 January 2020, and the convening authority signed the initial decision on action memorandum on 27 February 2020. On 3 March 2020, the military judge completed the initial EoJ. On 22 April 2020, Appellant's case was initially docketed with this court 55 days after the decision on action and 82 days from the conclusion of trial.

We are not persuaded by Appellant's argument that *Livak* does not apply because the convening authority was required to take action on the sentence in this case and, therefore, the *Moreno* 30-day docketing standard beginning with the convening authority's action applies. Whether or not the convening authority was required to take action is immaterial. The determining factor, applying *Livak*, is that the case was conducted under the "new procedural rules." *Id.* As Appellant's case was processed under the "new procedural rules," we apply *Livak*'s 150-day aggregate standard threshold. From the conclusion of trial to the docketing of Appellant's case, 82 days passed, which is well under the 150-day threshold for a showing of facially unreasonable delay. Under the circumstances of this case, we find no due process violation occurred.

Finally, applying *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we considered all the facts and circumstances with regard to the post-trial delay and decline to exercise our Article 66(d), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States*, (2019 ed.)), authority for excessive delay absent a due process violation. *See also United States v. Tardif*, 57 M.J. 219, 223–24 (C.A.A.F. 2002). After full consideration, we find Appellant is not entitled to relief for post-trial delay.

Upon further review, the findings and sentence as reentered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court